# Case No. 11,304.

## POSTLEY et al. v. HIGGENS.

[2 McLean, 493.] [1]

Circuit Court, D. Illinois.  June Term, 1841.

BAIL BOND—MOTION TO QUASH—AFFIDAVIT—SUFFICIENCY—FACT SWORN TO—PRESUMPTION.

1. A motion to quash the bail bond, under the statute of Illinois. may be made at any time during the return term, as well after as before judgment.

2. An affidavit which states positively, as to the indebtment, without detailing the source of the knowledge. is sufficient.

3. A presumption can not be drawn against the existence of a fact positively sworn to.  The taking of the affidavit to hold to bail is an ex parte proceeding.

[This was a proceeding by Postley & Postley against Ebenezer Higgens.]

1 [Reported by Hon. John McLean, Circuit Justice.]

Mr. Beaumont, for plaintiffs.

Mr. Logan, for defendant.

McLEAN, Circuit Justice. In this case a judgment by default having been entered, a motion is made by Mr. Logan to quash the bail bond taken by the marshal, on the ground of the insufficiency of the affidavit on which bail was required. It is objected that the motion, not having been made until after judgment, comes too late. The statute provides that the motion shall be made at the return term. This is the return term, and no reason is perceived why the motion should not be made at any time during the term, as well after as before the rendition of judgment. The following is the affidavit:

"Personally, before the undersigned, &c., A. C. Beaumont, attorney for plaintiffs, who, being duly sworn, states, that Ebenezer Higgens is justly indebted to the said plaintiffs, in the sum of five hundred thirty eight dollars and eighty-eight cents, upon a certain bond made 31st January, 1830, by the said Higgens, in the penal sum of one thousand dollars, &c." The objection to this affidavit is, that the affiant does not state how he knows of the indebtment. And the case of Wright v. Cogswell [Case No. 18,074] is referred to as sustaining the objection. In that case the affidavit stated, "that he was informed, and verily believes, the defendant was justly indebted, &c." And this, the court say, is no more than any one could say from the legal import of the obligation. That the statute required something more than the belief of the affiant.

Now, the affidavit under consideration states the indebtment in positive terms. The affiant says the defendant is justly indebted to the plaintiffs in the sum specified. Is it necessary to state how he came by this knowledge? It would seem to me not. He swears to the fact, and he could not do so without a personal knowledge of the fact. And can it be presumed, against his statement, that he has not a knowledge of the fact. This would be in violation of all known rules of construction, and especially in giving a construction to an affidavit. This was an ex parte proceeding. No notice was necessary, and of course there could be no cross-examination. And what the witness has sworn to must be taken as true, and it seems to me that the affidavit is as full and as positive as the statute requires. I am, therefore, in favor of overruling the motion. The district judge differed in his construction of the affidavit under the statute, but the court being divided the motion failed.